CODIGO MUSIC, LLC,
and CODIGO PUBLISHING,
LLC,

       Plaintiffs,

v.

TELEVISA S.A. DE C.V.,

       Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR
## COURT-DIRECTED ALTERNATIVE SERVICE OF PROCESS

This matter came before the Court upon Plaintiffs Codigo Music, LLC and Codigo

Publishing, LLC's Motion for Court-Directed Alternative Service of Process, ECF No. [47].

Specially-Appearing Defendant Televisa had filed a Response and Plaintiffs have filed a

Reply, ECF Nos. [50] [53].  The Honorable Kathleen M. Williams, United States District

Judge, has referred the Motion to the undersigned Magistrate Judge for a final

determination, ECF No. [59].  For the following reasons, the undersigned denies the

Plaintiffs' Motion for Court-Directed Alternative Service of Process, ECF No. [47], without

prejudice to renew if a second attempted service pursuant to the Hague Convention is

not successful.

### I.  BACKGROUND

This matter was initiated when Plaintiffs Codigo Music, LLC and Codigo

Publishing, LLC ("Codigo") filed a complaint against Defendant Televisa, S.A. de C.V.

("Televisa SA") for copyright infringement related to the purported use of master

recordings and musical compositions for which Plaintiff Codigo holds the registered

copyrights, ECF No. [1].  In the Complaint, Codigo alleges that Defendant Televisa, S.A.

de C.V. "is a wholly owned corporate subsidiary of Grupo Televisa, S.A.B., a corporation organized and existing under the laws of the nation of Mexico and having its principal place of business at Avenida Chapultepec 18, Colonia Doctores, Mexico City DF 06724 Mexico." ECF No. [1] at 1-2. The Complaint further alleges that "Televisa's principal offices in the United States are located at 6355 NW 36th Street, Suite 101, Miami, Florida 33166." ECF No. [1] at 2.

## II. THE POSITIONS OF THE PARTIES

In the present Motion, the Plaintiffs contend that Court-Directed alternative service of process is warranted because the Plaintiffs have tried unsuccessfully to serve the Defendant in Mexico through the Hague Convention, ECF No. [47]. The Plaintiffs explain that following the undersigned's determination related to a prior motion that the Plaintiffs had failed to properly serve the Defendant in Florida through a purported affiliated entity or subsidiary of the Defendant, the Plaintiffs' process server, Nelson Tucker, forwarded a formal service request to the Central Authority of Mexico in compliance with the Hague Service Convention and the Inter-American Convention of Letters Rogatory to the Central Authority of Mexico, ECF Nos. [47] at 5, [47-2] at 2. The Plaintiffs contend that although their process server complied with all of the requirements of service, the Mexican Central Authority rejected and returned the Plaintiffs' requests without providing an adequate explanation for that rejection. The Plaintiffs have submitted a translated version of the letter from the Mexican Central Authority regarding the rejection which states, in relevant part,

> I am returning the letter rogatory submitted by the United States District Court. . . in compliance with the following:
>
> The letter rogatory shall be based solely on '*The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*', since the request for judicial assistance also points to '*The Inter-American Convention on Letters Rogatory'*.

ECF No. [47-2] at 6. (emphasis in original). In an Affidavit submitted in support of the Plaintiffs' Motion, the process server states, "The Ministry's rejection is incomprehensible. I reviewed my entire file in this matter and have determined that the request forms were proper and even exceeded the provisions of the Hague Service Convention." ECF No. [47-2] at 3. The process server further states that in the past two years his company has received rejections where the Central Authority of Mexico has similarly failed to explain the reasons for rejection, and that he does not anticipate that any resubmission by the Plaintiff will be any more successful than the initial one. Plaintiff thus argues that service by alternative means should be permitted through either: 1) serving the summons and Complaint on Televisa Internacional's registered agent in accordance with Florida law; and 2) emailing a copy of the summons and Complaint on Televisa's counsel in California and Florida, ECF No. [47] at 12.

Plaintiffs contend that this case is distinct from those cases where a plaintiff has failed to comply with the dictates of the Hague Convention in attempting to effect service, because Plaintiffs herein are requesting that alternative service be permitted in the United States and not in Mexico, and thus the Hague Convention does not apply. Instead, Plaintiffs contend that because Defendant Televisa, SA exerts sufficient control over Televisa Internacional, which maintains an office in Florida, service upon Televisa Internacional is sufficient to be considered service on Defendant Televisa SA. On this point, Plaintiffs state "the question is whether Televisa is in any way related to Internacional such that International has sufficient means of contact to notify Televisa of the service. . . Here, service upon International is reasonably calculated to notify Televisa of the pendency of this action as there is a clear and unmistakable affiliation and relation between Televisa and International." ECF No. [53] at 6.

The Plaintiffs have submitted the Declaration of Steven A. Wahlbrink, Esq., in support of their contention that Televisa Internacional is an affiliate and/or agent of

3

Defendant Televisa, ECF No. [47-1].[1]  In that Declaration, Mr. Wahlbrink, who serves as co-counsel for the Plaintiffs, explains that Televisa Internacional's website references one of the television shows that is the subject of the Plaintiffs' Complaint and indicates that Televisa Internacional "is part of Televisa subsidiaries-Copyright © Televisa, S.A. de C.V. 2016." ECF No. [47-1] at 1.  The Declaration further states that at the bottom of the Defendant Televisa's website home page is a link to Televisa's corporate page, which is also connected to the Televisa website through the Televisa logo at the bottom of the Televisa Internacional website.

In response to the Motion, Defendant first argues that Plaintiffs have failed to show that alternative service is necessary, ECF No. [50] at 5. Specifically, Defendant contends that the Plaintiffs' one attempt to serve a foreign county's central authority is insufficient to permit alternative service, particularly when that attempted service is deficient.  Defendant contends that contrary to the Plaintiffs' assertion that the Mexican Central Authority failed to provide a reason for the rejection of the Plaintiffs' service, the letter sent to the process server explained that the Plaintiffs should have only referenced the Hague Convention and not the Inter-American Convention on Letters Rogatory which provides another method for service of process.  Defendant thus contends that alternative service is not justified simply because service under the Hague Convention may be difficult.

---

[1] Defendant has sought to strike portions of the Declarations submitted by the Plaintiffs primarily on the ground that they lack foundation and present conclusory arguments, ECF No. [50-1].  The Plaintiffs have responded that the Defendant's request to strike should be denied because such requests are typically limited to striking matters contained in pleadings and not in memoranda, briefs or affidavits, ECF No. [53] at 7.  The undersigned need not reach this issue because, as discussed *infra*, the information presented in the Plaintiff's Declarations fails to establish that Televisa controls Televisa Internacional, or is otherwise sufficiently connected to Televisa Internacional, so that service may be perfected upon Televisa through service on Televisa Internacional.

Defendant next argues that the Plaintiffs' suggested method of alternative service violates the Hague Convention and Mexican law and also ignores the requirement of Florida law, ECF No. [50] at 8. On this point, Defendant contends that Televisa does not control Televisa Internacional as required for purposes of substituted service. Similarly, Defendant contends that it is improper to allow service on Televisa's counsel who has specially appeared in this matter only for purposes of contesting jurisdiction. Defendant contends that the instant case is distinguishable from *Rio*, where the Court permitted service on the foreign defendant's attorney by email under Fed. R. Civ. P. 4(f)(3). Defendant argues that unlike in this case, in *Rio*, the foreign defendant's domicile was Costa Rica, a country that is not a signatory to the Hague Convention, and, after exhaustive efforts, the plaintiff in *Rio* was unable to find the defendant's address in Costa Rica for service of process. Defendant contends that in this case the Plaintiffs are aware of Televisa's address in Mexico, and there is no evidence that Televisa has been attempting to evade service of process.

In support of its arguments, Defendant has submitted Declarations from the Director of Administration at Televisa Internacional, LLC, and the Manager for Corporate Affairs at Grupo Televisa, S.A.B., who also serves as the Manager for Corporate Affairs at Televisa, S.A. de C.V., ECF Nos. [50-2], [50-3]. The Director of Administration's Declaration states, *inter alia*, that Defendant Televisa has never appointed Internacional as a business agent, that Internacional does not conduct business on behalf of Televisa or manage any part of Televisa's business, that there are no Televisa employees that work in Internacional's office, and that Televisa does not control Internacional, and does not direct Internacional's day to day business activities. Further, the Declaration states that Internacional is not owned by Televisa but instead is owned by TVU Enterprises.

The Declaration of the Manager for Corporate Affairs at Televisa states that Defendant Televisa is incorporated under the laws of Mexico and has no offices in

Florida, ECF No. [50-2]. The Declaration explains that Internacional is not a Mexican company and has no offices in Mexico. Finally, the Declaration explains that Internacional is owned by TVU Enterprises, Inc., and Defendant Televisa is owned by Grupo Telesistema, S.A. de C.V.

In Reply, Plaintiffs argue that prior attempts at service are not a condition precedent to a court permitting alternative methods of service of process, but alternative service often is permitted when service via the Hague Convention is difficult, ECF No. [53] at 2-3. Plaintiffs also contend that the suggested alternative service methods do not violate Mexican Law, and assert that the requested alternative methods of service provide reasonable notice to Televisa of the lawsuit.

III. **LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 4(h), sets forth the requirements for serving a corporation and provides,

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a. . .foreign corporation, . . . that is subject to suit under a common name, must be served:
>
> **(1) in a judicial district of the United States:**
>
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Fed. R. Civ. P. 4(f). Thus under Rule 4(h) service on a corporation may be perfected both within the United States and outside of the United States.

For service within the United States, Rule (h)(1)(A) permits, among other things, service as prescribed in Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1), in turn, permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, service on a corporation may be satisfied through Rule 4(e)(1) and, thereby Rule 4(h)(1)(A), if the service requirements under the applicable Florida statute are met.

The requirements for service on a corporation under Florida law are set forth in Fla. Stat. § 48.081, which provides, *inter alia*,

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> . . .
>
> (5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may

personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

Fla. Stat. § 48.081.

For service on a corporation outside of the United States pursuant to Rule 4(h)(2), the service may be made by any manner prescribed by Rule 4(f).[2]  Fed. R. Civ. P. 4(f), in turn, provides,

(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

---

[2] Rule 4(h)(2) prohibits service of a corporation outside of the United States pursuant to Rule 4(f)(2)(C)(i), which refers to service on an individual by delivering a copy of the summons and complaint to the individual personally.  That limitation is not relevant to this action.

> **(3) by other means not prohibited by international agreement, as the court orders.**

Thus pursuant to Rule 4(f) service may be made by: 1) serving the corporation through an agreed means of service reasonably calculated to give notice such as the Hague Convention; 2) if there is no internationally agreed means, or if the international agreement permits but does not specify other means, as prescribed by the foreign county's law for service, or as the foreign authority directs in response to letter rogatory or letter of request; or, 3) by other means not prohibited by international agreement as the court orders.

## IV. ANALYSIS

### A. *The Plaintiffs Need Not Comply with Hague Convention Prior to Seeking To Serve the Defendant Through Alternative Means*

As set forth above, under Rule 4(h), a corporation may be served pursuant to 4(f)(1) in a place not within any judicial district in the United States by any internationally agreements such as those authorized by the Hague Convention.[3] The Hague Convention ("Convention") is a multilateral treaty that requires each signatory state to establish a central authority to receive requests for service of documents from other countries. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). The Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies. *Id.* In addition, Article 10 of the Hague Convention allows for service through postal channels or personal service by judicial officers, and applies unless the destination country has objected to those specific methods of service. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, art. 10, Jan. 8, 1969, T.I.A.S. No. 6638. Both the United States and Mexico are signatories to the Hague Convention but Mexico has objected to Article 10 of the Convention in its entirety.

---

[3] The U.S. and Mexico are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965.

Finally, "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft*, 486 U.S., at 705.

In this case, Plaintiffs contend that although both the United States and Mexico are signatories to the Hague Convention, Plaintiffs have already attempted to serve Televisa SA in Mexico but the Mexican Central Authority will not cooperate in effectuating such service, and is not likely to do so in any future service attempts made by the Plaintiffs. Plaintiffs therefore argue that the Plaintiffs should not be required to continue to attempt to serve the Televisa SA through the Hague Convention as contemplated by Rule 4(f)(1), but rather should be permitted to serve under alternative means, as provided by Rule 4(f)(3). Plaintiffs further argue that because the Plaintiffs seek to serve Televisa SA in Florida, through Televisa Internacional, the Hague Convention does not apply because there is no attempt to serve a foreign corporation outside of the United States.

Televisa SA, on the other hand, argues that alternative service is not appropriate under the facts of this case where it is undisputed that Televisa is not attempting to evade service, Televisa's address in Mexico is known, there is no particular urgency here, and Codigo has only made one attempt to serve Televisa under the Hague Convention, and the Mexican Central Authority responded to that attempt by advising Codigo that the submissions were incorrect.

Thus, the question the undersigned must initially resolve is whether the Hague Convention is applicable to the Plaintiffs' request for service and whether, pursuant to Rule 4(f)(1), the Hague Convention is the only acceptable method for serving Defendant Televisa SA, or whether the Plaintiffs may serve Televisa through an alternative method as contemplated by Rule 4(f)(3), and/or through Rule 4(e)(1), by serving Televisa through Televisa Internacional in conformity with the applicable Florida Statute or through Defendant Televisa's specially-appearing United States Counsel.

The Supreme Court has made clear that, "the only transmittal to which the [Hague Service] Convention applies is a transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (emphasis supplied). The Hague Service Convention has "no further implications," therefore, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Id*. The Advisory Committee Notes to the 1993 amendments to Rule 4(f) plainly contemplate alternative avenues of service if the Hague Service Convention procedures are unavailable to a plaintiff, such as when a signatory state is "dilatory or refuse[s] to cooperate for substantive reasons." Fed. R. Civ. P. 4(f)(1), advisory committee notes to the 1993 Amendment.

At the outset, the undersigned notes that at least one district court has considered whether Defendant Televisa SA has to be served in compliance with the Hague Convention related to litigation within the United States. In *OGM, Inc., v. Televisa, S.A. De C.V., et al.,* No. CV 08-5742-JFW (JCx), 2009 WL 1025971, *1 (C.D. Cal. April 15, 2009), a plaintiff served *Televisa, S.A. De C.V., et al.,* the same Defendant in the case at bar, in Mexico via international registered mail, return receipt requested, as well as through personal service on Televisa's office in Mexico City. The Court, in granting Defendant Televisa's motion to dismiss, concluded that because the United States and Mexico are both signatories to the Hague Convention, that the Hague Convention provided the exclusive means by which the plaintiff could serve Televisa SA. *Id*. at *1. The Court noted that while service under the Hague Convention is typically accomplished by forwarding the summons and complaint to the "Central Authority" for the country in which service is to be made, along with a request for service, Article 10 of the Hague Convention permits service of process by alternative methods, "provided the State of destination does not object." *Id*. at *2. The Court concluded that Mexico had, in

fact, objected to Article 10 of the Convention, and thus concluded that any service other than that obtained through Mexico's Central Authority was quashed. *Id.* at *3-4.

The Plaintiffs contend that the holding in *OGM, Inc.,* is not applicable to this case because the Plaintiffs herein do not seek to serve Televisa SA, in Mexico, but instead seek to serve Televisa SA, in the United States through its purported agent, Televisa Internacional, and by emailing Televisa SA's domestic counsel who has specially appeared in this matter.   Plaintiffs thus contend that the Hague Convention does not apply because the Convention is only applicable to attempts to serve litigants abroad.

The undersigned agrees with the Plaintiffs on this point.  Specifically, in *OGM, Inc.*, the plaintiffs sought to serve the Televisa defendant in Mexico, not in the United States. As such, the plaintiffs in that case were required to comply with the dictates of the Hague Convention which applies to attempts to serve corporations in a foreign country.  In the case at bar, the Plaintiffs have requested to serve Defendant Televisa SA through its purported agent in Florida, Televisa Internacional, and Televisa SA's domestic counsel.  The express language of the Hague Convention makes clear that the Convention only applies to service in other countries.  Thus, because the Plaintiffs' request is to perfect service upon an entity in the United States, the Hague Convention does not apply.

In addition, there is no express requirement that the Plaintiffs demonstrate that service under the Hague Convention is not possible before the court may authorize the Plaintiffs to serve the Defendant under alternative means pursuant to Rule 4(f)(3). Numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. These courts reason that alternative service may be ordered pursuant to Rule 4(f)(3) as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state.  Similarly, because the Plaintiffs' request is made pursuant to Rule 4(f)(3), rather than Rules 4(f)(1) and

4(f)(2), the Plaintiffs need not demonstrate that the requested method of service is compliant with the Hague Convention and is not prohibited by Mexico's laws. See e.g. *Atlas One Financial Group, LLC v. Alarcon*, No. 12-cv-23400-COOKE/Turnoff, 2014 WL 12571403 (S.D. Fla. Feb . 28, 2014) (concluding that because the plaintiff's request for alternative service was made under Rule 4(f)(3), plaintiff was not required to show that the method of service was not prohibited by the foreign country's laws.)

Further, service through Rule 4(f)(3) is not considered a last resort or extraordinary relief. See *Brookshire Bros., Ltd. v. Chiquita Brand Inter., Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at * 2 (S.D. Fla. May 31, 2007) (citations omitted) (finding that Rule 4(f)(3) includes no qualifiers or limitations indicating its availability only after attempting service of process by other means). Even in cases involving countries like Mexico that have objected to certain alternative forms of service permitted under Article 10 of the Hague Convention, other forms of alternative service have been allowed. *See, e.g.*, *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Nothing in the Hague Convention prohibits [service on a foreign defendant's United States-based counsel]."); *In re LDK Solar Sec. Litig.*, No. C 07–05182 WHA, 2008 WL 2415186, at *3-4 (N.D. Cal. June 12, 2008) (permitting service of Chinese subsidiary and individual officers by service on parent company in California because such service is not barred by the Hague Convention).

Thus, the undersigned concludes that Plaintiffs need not serve the Defendant in compliance with the Hague Convention if the Defendants are otherwise properly served in the United States; and, the Plaintiffs may request assistance from the Court to serve the Defendant pursuant to Rule 4(f)(3) without first resorting to Rule 4(f)(1).  This however, does not end the Court's inquiry.  As discussed below, the Plaintiffs have not sought to serve the Defendant in any manner that comports with the service

requirements in the United States, and thus Plaintiffs are not entitled to the relief they seek.

### B. *Plaintiffs May Not Serve Defendant Televisa SA through Service on Televisa Internacional*

Even though the Hague Convention does not govern the Plaintiffs' request to serve Televisa SA through Televisa Internacional, the request must nevertheless be denied because the Plaintiffs have failed to demonstrate that service on Televisa Internacional comports with Florida law, or that the requested service is appropriate under the facts of this case.

As stated above, Plaintiffs concede that the corporation at issue, Televisa SA, is a foreign corporation with its principle place of business and/or its business offices in Mexico, ECF No. [47] at 2, ¶ 1. Plaintiffs therefore request that they be permitted to serve Televisa Internacional as an agent or alter ego of Defendant Televisa SA. In this regard, the Plaintiffs state that "Televisa Internacional is unmistakably and admittedly an affiliate and/or agent of the Defendant." ECF No. [47] at 8.

This is almost the identical argument that the Plaintiffs raised previously in opposition to the Defendant's Motion to Dismiss, ECF No. [22]. In that opposition, the Plaintiffs contended that service that was made on Televisa Internacional was effectively service on Televisa SA because Televisa Internacional could be considered an agent of Televisa SA. After a hearing on the Motion to Dismiss, the undersigned entered a Report and Recommendation recommending that the Motion to Dismiss be denied, and that the Plaintiff be granted additional time to attempt to serve Televisa SA, ECF No. [32]. The undersigned, however, declined to reach the issue of whether service upon Televisa Internacional could ever constitute service upon Televisa SA, ECF No. [32] at 11. The Plaintiffs now, in reliance upon the same information submitted to the Court in their opposition to the Motion to Dismiss, reassert their contention that service upon Televisa

Internacional may constitute service upon Televisa SA. This information primarily consists of the Declaration of Steven A. Wahlbrink which discusses the links on Televisa Internacional's website, ECF No. [47] at 2. Based upon Mr. Wahlbrink's description of that website, the Plaintiffs contend, "It is readily apparent from Televisa Internacional's website that Televisa Internacional is affiliated with, and for all intents and purposes is an agent of the Defendant." ECF No. [47] at 2. This conclusion is simply not supported by the scant materials submitted by the Plaintiffs, and the Plaintiffs have failed to provide any case law to support its position that evidence akin to that in this record is sufficient to establish that service on Televisa Intenacional is sufficient to constitute service on the Defendant. See *Lamb v. Volkswagenwerk Aktiengesellschaft*, 104 F.R.D. 95, 98-99 (S.D. Fla. 1985) (observing that in determining whether service of process may be made on a foreign corporation through application of agency theory to a domestic company or agent, the focus is the degree of control that foreign corporation exercises over the other entity); *Sol Melia, S.A. v. Fontana*, 67 So. 3d 1226 (Fla. Dist. Ct. App. 2011) (same).

Accordingly, the undersigned concludes that based on the record currently before the Court that Plaintiffs have failed to establish that service upon Televisa Internacional would constitute service upon Televisa SA, under either Florida or Federal law.[4] Again, this is not to say that the Plaintiffs would not ever be able to establish that service upon Televisa Internacional could constitute service upon Televisa, SA but only to say that the Plaintiff's current submissions are not sufficient to establish that Televisa, SA is a subsidiary that sufficiently controlled by Televisa Internacional or that Televisa

---

[4] When a foreign corporation does not have any officers, directors, managers or business agents in Florida, section 48.081 (2) provides that process against the foreign corporation may be served on an agent who is transacting business for the corporation in the state. See § 48.081(3), Fla. Stat. (2009).

Internacional may be deemed an agent of Televisa SA, for purposes of service of process, ECF No. [32].[5]

Further, the case law cited by Plaintiffs does not support a finding that service on Televisa Internacional would constitute adequate service on Televisa SA. Specifically, Plaintiffs reliance on *Morningstar v. Dejun*, No. CV 11-00655 DDP (VBKx), 2013 WL 502474 (C.D. Cal. Feb. 8, 2013), does not assist Plaintiffs in this action because service in *Morningstar* was effectuated by serving the officers of a Nevada corporation, with its principal place of business in China. Here, Defendant Televisa SA is not a Florida corporation, and the record fails to establish that Televisa Internacional serves as an agent of Televisa SA for purposes of accepting service of process.

Thus, absent another method for properly serving Televisa SA, in this country, Plaintiffs must serve that Defendant in Mexico, pursuant to the Hague Convention.

### C. *Service on Counsel in the United States is Not Warranted*

Plaintiffs alternatively request to serve Televisa SA through its domestic counsel in Florida and California via email, pursuant to Rule 4(f)(3). For the following reasons, the undersigned denies that request at this time.

A district court has discretion to allow such alternate means of service as it deems appropriate in a given case. *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003) (finding that district courts have broad discretion under Rule 4(f)(3) to authorize alternate methods of service that are consistent with due process and not prohibited by international agreements); *Chanel, Inc. v. Lin*, No.

---

[5] Codigo's objections to the undersigned's Report and Recommendation again referenced Televisa Internacional's website and asserted that the facts unmistakably show that Televisa Internacional is an agent, subsidiary and/or affiliate of Defendant Televisa, SA, ECF No. [34] at 3. The Honorable Kathleen M. Williams accepted, adopted and incorporated the Report and Recommendation and granted the Defendant's Motion to Quash Service, ECF No. [35]. Codigo did not seek reconsideration of that Motion, and there is nothing in the current submissions to provide a basis for Codigo to relitigate that issue through the current motion.

08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (recognizing that decision to permit service by alternate means lies within the sole discretion of district court). In addition, as stated above, Service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "It is merely one means among several which enables service of process on an international defendant." *Id.* It is within the Court's discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* Thus, before permitting alternate service, "a district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.' " *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (quoting *Ryan v. Brunswick*, No. 02-CV-0133E(F), 2002 WL 1628933, *2 (W.D.N.Y. 2002)).

Numerous courts have determined that under certain circumstances, service of process may be perfected through service on a foreign defendant's domestic attorney so long as that service comports with due process. *See, e.g., Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182-83 (S.D. Fla. 2012) (collecting cases). Typically, courts permit such service where the address of the foreign defendant is unknown, the foreign defendant has successfully evaded service, and/or failure to permit such service will result in unduly long delays in the litigation of a matter.

In *LG Elecs, Inc. v. ASKO Appliances, Inc.,* No. CIV.A. 08–828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009), for example, the district court found that service upon an attorney was permissible in light of the regularity of contact between the defendant and his attorney where it was determined that the defendant seeking to have the case dismissed for lack of sufficiency of process engaged in an "intentional, vexatious

17

attempt to evade service." *Id.* at *4. Similarly, in *Prediction Co. LLC v. Rajgarhia*, No. CIV.A. 097459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010), the district court concluded that sending a copy of the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant and sending a copy of the summons and complaint to the email address that the defendant used to communicate with the plaintiff in that case satisfied due process concerns and thus was permissible pursuant to Rule 4(f)(3), where the address of the Defendant was unknown. *Id.* at *2.

Finally, in *Forum Fin. Group, LLC v. President & Fellows of Harvard College,* 199 F.R.D. 22 (D. Me. 2001), a case cited by Plaintiffs herein, the court approved service of process on the defendant's attorney "given [the defendant's] efforts to evade service in Russia and [the attorney's] recent acceptance of service on [the defendant's] behalf in a case also involving [his] business dealings[.]" *Id.* at 24–25.

Thus, almost none of the Courts have permitted service on a foreign defendant solely through service on its domestic counsel under facts akin to the ones at bar, particularly where the plaintiff has not sought to serve the defendant directly as well.[6] As

---

[6] The Plaintiff has not requested permission to serve Defendant Televisa S.A., rather than its counsel, by email. Instead, the Plaintiffs have only requested to serve Defendant Televisa's Counsel in Florida and California. The Court is aware that several courts have held that pursuant to Rule 4(f)(3), service by email is not prohibited by the Hague Convention. See *State Medical Devices v. HTL-Strefa, S.A.*, No. 15-20590, 2015 WL 5320947, *3 (S.D. Fla., Sept. 14, 2015) (citing *Lexmark Int'l v. Ink Techs Printer Supplies, LLC,* , 291 F.R.D. 259, 26w (S.D. Ohio. 2013); see also *Facebook, Inc. v. Banana Ads, LLC,* No. C–11–3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (noting that the "Hague Service Convention does not expressly prohibit email service."); *Williams–Sonoma Inc. v. Friendfinder Inc.,* No. C 06–06752 JSW, 2007 WL 1140639, at *2 (N.D.Cal. Apr. 17, 2007) (concluding that the plaintiff demonstrated that service via email is not prohibited by the Hague Convention). Further, some courts have even concluded that email service is permissible even where a country objects to Article 10 of the Hague Convention. See *Lexmark Int'l v. Ink Techs Printer Supplies, LLC,* , 291 F.R.D. at 174 (allowing email service on defendants); see also G*urung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]"). The undersigned need not reach the issue of whether email service is permissible on a Mexican defendant

argued by the Defendant, the Plaintiffs have failed to present any of the circumstances that have been present in other cases where courts have determined that service of a foreign defendant through domestic counsel is warranted. There is no evidence that the Defendant in this case is evading service, that the Defendant's address is unknown, that there is any great urgency present in the case, and there has been no showing that service is particularly difficult.[7] As to the last of these considerations, the difficulty of service, the Plaintiffs state that they have only attempted to serve the Defendants through the Hague Convention once in this matter. The Plaintiffs have not contended that they did not receive a response from the Central Authority of Mexico but have instead expressed concern that no subsequent attempts at service under the Hague Convention will be successful. Thus, the undersigned concludes that the Plaintiffs have not, at this point, reasonably attempted to effectuate service on defendant and that that particular available method of service is unduly burdensome or futile. *See South Carolina v. Hitachi Displays, Ltd.*, No. 3:13-cv-00899-JFA, 2013 WL 4499149 (D.S.C. Aug. 20, 2013) (rejecting request to permit service on counsel where defendant's country was a signatory to the Hague Convention, plaintiff had only attempted to serve the individual defendant twice—including once pursuant to the Hague Convention, and the defendant's address was readily obtainable). Moreover, in this case, there is no indication that Defendant's counsel has been designated to accept process on the Defendant's behalf. *See e.g. Maale v. Francis*, No. 08–80131–CIV, 2009 WL 2044804, at *3 (S.D. Fla. July 10

---

under the Hague Convention because the Plaintiffs have not sought to directly serve the Defendant herein via email.

[7] As to any suggestion by the Plaintiffs that litigation of this matter will be greatly delayed if Plaintiffs are not permitted to serve Defendant through either Counsel or substituted service, it is curious that during the pendency of the Motion at bar there is no indication that Plaintiffs attempted to resubmit their request for service on the Defendant to the Central Mexican Authority, by removing any reference to the Inter-American Convention on Letters Rogatory as referenced by the Mexican Central Authority, in its rejection of the Plaintiffs' first request for service.

2009) (finding service ineffective where plaintiff attempted to serve counsel who was not designated to receive process on defendants' behalf). Thus, Plaintiffs have not demonstrated that the alternative service they seek, which does not include any attempt to serve the Defendant directly, is warranted under the facts of this case.[8]

The Plaintiffs' citation to *Rio Props v. Rio Int'l Interlink*, 284 F. 3d 1007 (9th Cir. 2002), does not change this determination. In *Rio*, the Ninth Circuit evaluated whether service of process was sufficient on a Costa Rican entity engaged in sports gambling operations. The plaintiff, in that case, had attempted to serve the foreign entity through that entity's international courier who maintained an address in Miami, Florida, as well as through the entity's Los Angeles attorney. When the international courier and the entity's attorney declined to accept service on behalf of the foreign client, the plaintiff attempted to serve the entity in Costa Rica but was unable to locate an address for the entity. The plaintiff's investigator determined that the entity's preferred communication was through its email address and that the entity also received regular mail at an address in Florida.

The same facts are not present in this case as those in *Rio Props*. In *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003), the Eleventh Circuit distinguished the facts in *Rio Props* from those in the case before that Court by observing that in *Rio*, the court determined that the defendant, an international internet company doing business in the United States, had a viable presence in the United States; that physical personal service had been legally attempted by actually serving a legitimate agent of the defendant in the United States; and that the defendant had evaded the attempted service. *Id.* at 927. The Court additionally noted that

---

[8] The undersigned need not address the issue of whether Plaintiffs' requested alternative service offends Mexican law because Plaintiffs do not seek to effect service in Mexico.

the Court in *Rio* did not discuss Costa Rican law at all, much less the prohibitions relating to service of process. *Id.*

The case before the undersigned is equally distinguishable, the Plaintiffs have the foreign address for the Defendant, and there is no indication that the Defendant's preferred communication is through email, that the Defendant is conducting business in the United States, or that Defendant Televisa SA receives regular mail at an address in Florida. Simply put, *Rio Props* is distinguishable from the instant case.

Further, the undersigned is aware that some courts have permitted service on domestic counsel, even where the address of a defendant was known and/or the defendant was not trying to evade service. In those cases, courts typically focus on whether the defendant had actual notice of the law suit and concluded that such notice would satisfy any due process concerns. *See, e.g., Marlabs Inc. v. Jakher*, No. 07-cv-074074 (DMC)(MF), 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service upon the foreign defendant through his attorney comported with constitutional due process since defendant was on notice of law suit and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, No. M 07–1827 SI, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit and that service through defendant's U.S. counsel would comport with due process); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit if service of process was made on his attorney).

However, none of those decisions are binding on this Court and the undersigned questions whether in this circuit, actual knowledge of a law suit standing alone, is sufficient to obviate the need of a plaintiff to comply with the dictates of Fed. R. Civ. P. 4.

Indeed, the Eleventh Circuit has stressed the need for formal service of process despite actual notice of an action by a defendant. In *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, 817 F 3d 747 (11th Cir. 2016), for example, the Eleventh Circuit stated,

> The Supreme Court has said this about the service-of-process requirement:
>
> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Id. citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, (1987) (quotation, citation, and alteration omitted), superseded on other grounds by Fed. R. Civ. P. 4(k)(2) (1993). In *De Gazelle Group*, the Court ultimately reversed and remanded the case to the trial court because the district court erred in concluding the defaulted defendant had been properly served on the grounds that defendant's registered agent had actual notice of the lawsuit, despite the fact that the defendant had not been served in compliance with Rule 4. The Eleventh Circuit has additionally stated, "an individual or entity is not obliged to engage in litigation unless officially notified of the action ... under a court's authority, by formal process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (quotation and alteration omitted).

Thus, although actual notice of a law suit is an important factor in considering whether service of process is adequate, as noted by the Court in *Prewitt*, courts are typically careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules, and actual notice alone was not enough to allow the court personal jurisdiction over the defendant. *Id*. at 925. *See, e.g., Sanderford*

*v. Prudential Ins. Co. of America*, 902 F.2d 897 (11th Cir. 1990) (holding that service of process was in substantial compliance with Fed. R. Civ. P. 4(b) even though it did not include a return date for the responsive pleading); *Direct Mail Specialists, Inc. v. Eclat Computerized Tech. Inc.*, 840 F.2d 685 (9th Cir. 1988) (finding that a corporation's receptionist had sufficient authority to receive service of process as a "managing or general agent" under Fed. R. Civ. P. 4(d)(3) and noting that the president of the company received actual notice of the summons and complaint a day later); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984) (holding that service was effective under Fed. R. Civ. P. 4(b) even though the summons had a typographical error stating that the defendant had 10 rather than 20 days to answer the complaint); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F.Supp.2d 1273 (S.D.Fla.1999) (finding that personal delivery of service of process on the defendant in Spain was sufficient because it was authorized under Spanish law as required by the Hague Convention and Fed.R.Civ.P. 4(f)(1) and the defendant had actual notice even though he only received a copy of the summons and not the complaint because he departed hastily). Here, while it is clear that Defendants have actual notice of the suit, the undersigned concludes that more than mere notice is required where Plaintiffs herein request that they not be required to comply with the dictates of Rule 4. Accordingly, the Plaintiffs' request to serve Defendant only through its domestic counsel by email, is denied.

Finally, although not the basis for the ruling on the Plaintiffs' Motion, the undersigned notes that it is questionable whether Rule 4(f)(3) is the proper vehicle for granting the alternative service that Plaintiffs seek. Specifically, Rule 4(f) is entitled "Serving an Individual in a Foreign Country." Fed. R. Civ. P. 4(f). That Rule and its subparts deal only with service in a place "not within any judicial district in the United States." Thus, Rule 4(f)(3) necessarily contemplates service by other means for

purposes of service outside of the United States.  Although some Courts have permitted alternative service pursuant to Rule 4(f)(3) even if the service sought was *only* going to be performed within a United States judicial district, at least two courts have observed that the plain language of Rule 4(f)(3) seemingly would preclude such service.  *See, e.g. Freedom Watch, Inc. v. Organization of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d 134, 137–39 (D.D.C. 2015) (collecting cases and noting that courts have authorized service pursuant to Rule 4(f)(3) only where some part of the service occurred outside of the United States); *Drew Technologies, Inc. v. Robert Bosch, L.L.C.*, 2013 WL 6797175, *1-*4 (E.D. Mich. 2013) (vacating prior order where service granted by the court under Rule 4(f)(3) was only to occur within the United States, and finding that service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States); But see *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. March 13, 2014) (noting that transmission of service papers to a foreign defendant via a domestic conduit like a law firm or agent ultimately results in the foreign individual being served and thereby provides notice outside a United States judicial district, in accordance with Rule 4(f)(3)'s plain language).

The undersigned finds the reasoning of those courts who find that the Rule contemplates foreign service to be persuasive, and thus concludes that the plain language of Rule 4(f)(3) requires that the alternative service sought contain, at least, some component of service that will occur outside of the United States. The Plaintiffs have not requested service in a method that will occur outside of the United States, and thus the undersigned could deny their request on that basis.[9]  However, because the

---

[9] It is difficult to reconcile Plaintiffs' contention that their request for alternative service is not subject to Rule 4(f)(1) and the Hague Convention because Plaintiffs are seeking to effect service within the United States, with Plaintiffs' assertion that they are entitled to relief under Rule 4(f)(3), which is directed to relief available related to service of process in a foreign country.

undersigned has already determined that the facts of this case do not warrant that Plaintiffs be permitted to effect service upon domestic counsel without first again attempting service through the Hague Convention, the Plaintiffs' request to serve Defendants via email through their counsel in California and Florida is denied on that basis alone.

### V. CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that Plaintiffs' Motion for Court-Directed Alternative Service of Process, ECF No. [47], is denied, without prejudice to renew if a second attempted service pursuant to the Hague Convention is not successful.[10]

DONE AND ORDERED in Chambers in Miami-Dade County, Florida, this 29th day of September, 2017.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

The Honorable Kathleen M. Williams
All parties of record

---

[10] Pursuant to Federal Rule of Civil Procedure 4(m), the time limit for service of 90 days does not apply to service in a foreign country under Rule 4(f).